**CHE PING LIN, aka Yi Ping Lin, Petitioner,**

v.

**John ASHCROFT,\* Attorney General, Respondent.**

No. 00–70614.

INS No. A76–280–157.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 \*\*.

Decided May 24, 2002.

Before FERNANDEZ, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM \*\*\*

Yi Ping Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Because the BIA conducted a de novo review of the record and affirmed the IJ's adverse credibility finding, we review the BIA's decision. *Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001). We review credibility findings for substantial evidence, and must uphold the BIA's findings unless the evidence compels a con-

\* John Ashcroft is substituted for Janet Reno as Attorney General pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

trary result. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999).

The BIA provided specific, cogent reasons for its findings, specifically noting that Lin's testimony was vague and implausible. *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994). Thus, BIA's adverse credibility determination and its conclusion that Lin is ineligible for asylum are supported by substantial evidence. *See Singh–Kaur*, 183 F.3d at 1151–53.

In failing to qualify for asylum, Lin necessarily failed to satisfy the more stringent standard for withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

